## PURSIFULL v. WILLIAMSON.

Court of Appeals of Kentucky.

Dec. 19, 1952.

As Modified on Denial of Rehearing
March 6, 1953.

E. B. Wilson, Pineville, H. H. Owens, Barbourville, for appellant.

Robert J. Watson, Middlesboro, for appellee.

CULLEN, Commissioner.

John Watt Pursifull and his wife were the owners of an undivided one-half interest in a business property in Bell County. Gaines Williamson owned the other one-half interest. The property is called "Sharp's Tourist Court," but it appears that the property consists of a single three

story building, which contains lodging rooms for tourists, a restaurant, and a package liquor store.

In an action in which the owners and various creditors were involved, the property was sold, and the claims of the various parties against the proceeds were determined. One of the claims was that of Williamson, against Pursifull, for one-half of the cost of certain repairs to the property alleged to have been made by Williamson. The judgment allowed Williamson $2,000 on this claim, and Pursifull appeals from that part of the judgment.

Pursifull first maintains that the alleged repairs did not benefit the property, but actually put the property in worse condition than before. The evidence on this point was conflicting, and we cannot say that the chancellor's finding was clearly erroneous.

Pursifull next contends that the alleged repairs were in fact improvements made for the sole benefit of a tenant, O. T. Seward, who held the property under a five-year lease from Pursifull and Williamson; that the lease obligated the tenant to "make such repairs as may be necessary to keep the premises in good condition;" and that Seward was merely a "front" for Williamson and a man named Marsee, who were the real, beneficial owners of the lease.

The evidence for Williamson was that the repairs made by him were structural repairs necessary to place the property in a tenantable condition, and were not such ordinary repairs as a tenant normally would be required to make; that Pursifull had agreed that the repairs be made; and that Williamson had no interest in Seward's lease.

Pursifull's evidence contradicted the evidence for Williamson on every point. Again, we cannot say that the chancellor's findings were clearly erroneous.

The final contention of Pursifull is that the judgment is erroneous because it makes him liable for one-half of the cost of the repairs, although he owned only a one-quarter interest in the property, his wife owning the other one-quarter. As we understand the record, the proceeds of the sale of the property were paid into court, and the judgment merely determines how the proceeds are to be divided. Although the language of the paragraph of the judgment that deals with the item in question does make Pursifull individually liable, it is clear from the judgment as a whole that the effect is that Williamson shall be paid $2,000 out of the Pursifull's share of the proceeds. We so construe the judgment, and as so construed the judgment is affirmed.